HANSON BRIDGETT LLP
SANDRA L. RAPPAPORT, SBN 172990
srappaport@hansonbridgett.com
CELIA L. GUZMAN, SBN 325616
cguzman@hansonbridgett.com
425 Market Street, 26th Floor
San Francisco, California 94105
Telephone:  (415) 777-3200
Facsimile:   (415) 541-9366

Attorneys for KENSINGTON SENIOR LIVING, LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| MONIEN IBARRA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>KENSINGTON SENIOR LIVING, LLC; and DOES 1 to 50, inclusive,<br><br>　　　　Defendant. | Case No. 2:21-cv-05654<br><br>**DEFENDANT KENSINGTON SENIOR LIVING, LLC'S NOTICE OF REMOVAL**<br><br>**(County of Los Angeles Case No. 21STCV19406)** |

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF MONIEN IBARRA AND HER COUNSEL OF RECORD ("Plaintiff"):

PLEASE TAKE NOTICE that Defendant KENSINGTON SENIOR LIVING, LLC ("Defendant"), by their undersigned attorneys, respectfully submit this Notice of Removal in the above-captioned action from the Superior Court of the State of California, County of Los Angeles, Case No. 21STCV19406, to the United States District Court for the Central District of California pursuant to 28 U.S.C. sections 1441 and 1446.

This Court has original jurisdiction over this action under 28 U.S.C. § 1332 and may remove this action from the Superior Court of California, County of Los Angeles, where it was initiated. This Court's original jurisdiction derives from

Plaintiff's and Defendant's diversity of citizenship and the amount in controversy. In support of this Notice of Removal, Defendant, through its counsel, represents to the Court the following facts:

## PROCEDURAL BACKGROUND

1. <u>State Court Action</u>:  On May 24, 2021, Plaintiff Monien Ibarra ("Plaintiff") filed an unverified Complaint and Demand for Jury Trial (the "Complaint") in the Superior Court of California, County of Los Angeles.

2. <u>State Court Documents</u>:  Pursuant to 28 U.S.C. section 1446(a), Defendant has included with this Notice of Removal "a copy of all process, pleadings, and orders served upon such defendant . . . in such action."  28 U.S.C. § 1446(a).  A true and correct copy of the following documents are attached and incorporated by reference:

   Exhibit A:   Summons to Kensington Senior Living, LLC, filed on May 24, 2021;

   Exhibit B:   Complaint and Demand for Jury Trial, filed on May 24, 2021;

   Exhibit C:   Civil Case Coversheet, filed on May 24, 2021;

   Exhibit D:   Notice of Case Assignment, filed on May 24, 2021;

   Exhibit E:   Notice of Case Management Conference, filed on June 3, 2021;

   Exhibit F:   Defendant's Answer to Complaint, filed on July 6, 2021.

3. <u>Service</u>:  Defendant received a copy of the state court Complaint and Summons on June 15, 2021.  True and correct copies of the Summons and Complaint personally served on Defendant on June 15, 2021, are attached hereto as Exhibits A and B, respectively.

4. <u>Timeliness</u>:  This removal petition is filed timely, as 28 U.S.C. section 1446(b)(1) provides a defendant with thirty (30) days to remove the case "after receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ."  28 U.S.C. § 1446 (b)(1).  Here, Defendant was served on June 15,

2021.  Thus, this notice of removal is timely as Defendant is removing the case within 30 days after having received a copy of the initial pleading.  28 U.S.C. § 1446 (b)(1).

5. <u>Answer to Complaint</u>:  Defendant filed its Answer to the Complaint on July 6, 2021.  A true and correct copy of Defendant's Answer is attached hereto as Exhibit F.

6. <u>Venue</u>:  Venue lies in the Western Division of the United States District Court, Central District of California as the Complaint was filed and is pending the Superior Court of California, County of Los Angeles, which is within this judicial district and division.  28 U.S.C. §§ 1441, 1446(a).

7. <u>Intradistrict Assignment</u>:  Assignment to the Western Division of the United Stated District Court, Central District of California is proper under 28 U.S.C. section 1441(a) because the state court action was filed and is pending in the Superior Court of California, County of Los Angeles.

8. <u>Filing with State Court and Service on Plaintiff</u>:  Defendant will promptly serve Plaintiff with this Notice of Removal and file this Notice with the Clerk of the Superior Court for the State of California, County of Los Angeles, as required by 28 U.S.C. section 1446(d).

## NATURE OF THE SUIT

9. <u>Diversity Jurisdiction</u>:  Pursuant to 28 U.S.C. section 1332, this Court has subject matter jurisdiction over this case as it is a civil action between citizens . Accordingly, pursuant to 28 U.S.C. section 1441(b), this case may be removed to this Court because it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interests and costs.

10. <u>Citizenship</u>:  Defendant is informed and believes that Plaintiff is a citizen of the state of California.  (Exhibit B, ¶ 1).  Defendant is a citizen of the state of Virginia by virtue of being organized under the laws of that state. (Exhibit B, ¶ 2). Under the "nerve center" test, Defendant is also a citizen of the state of Virginia

because its corporate headquarters, where "the corporation's high level officers direct, control, and coordinate the corporation's activities," are located in Virginia. (Exhibit B, ¶ 2); *see Hertz Corp. v. Friend*, 559 U.S. 77, 80-81 (2010) (holding that the "nerve center" test is the only appropriate test for determining the location of a principal place of business). As such, complete diversity of citizenship exists between the parties pursuant to 28 U.S.C. § 1332.

11. <u>Amount in Controversy</u>: The amount in controversy requirement of 28 U.S.C. section 1332 is also met in this case. Plaintiff seeks over $75,000, as delineated in her Prayer in the Complaint. (Exhibit B, 8:25-9:16.) Thus, the amount of controversy exceeds $75,000 and meets the jurisdictional requirements of 28 U.S.C. section 1332.

WHEREFORE, Defendant prays that this Notice of Removal may be accepted as good and sufficient, and that this civil action may be removed from the Superior Court of the State of California, County of Los Angeles, as provided by 28 U.S.C. sections 1446, and thereupon to proceed with said civil action as though originally commenced in this Court and for all orders and decrees as may be necessary or appropriate in such cases made and provided.

DATED: July 13, 2021                           HANSON BRIDGETT LLP

By:     */s/ Celia L. Guzman*
SANDRA L. RAPPAPORT
CELIA L. GUZMAN
Attorneys for KENSINGTON SENIOR LIVING, LLC