# EXHIBIT B

Case 2:21-cv-05654-SVW-KS   Document 1-2   Filed 07/13/21   Page 2 of 11   Page ID #:8
21STCV19406
Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Stephen Goorvitch

1   Ben Rothman, Esq. (SBN 265472)
    **LAW OFFICE OF BEN ROTHMAN**
2   12575 Beatrice St.
    Los Angeles, CA 90066
3   Tel:    (310) 717-0539
    Fax:    (310) 919-3777
4   e-mail: ben@santamonicainjurylawyer.com

5   Attorney for Plaintiff,
    MONIEN IBARRA
6

7

8                   **SUPERIOR COURT OF CALIFORNIA**

9                      **COUNTY OF LOS ANGELES**

10
                                                    **21STCV19406**
11  MONIEN IBARRA,                      )   Case No.:
                                        )
12          Plaintiff,                  )   **COMPLAINT AND DEMAND FOR**
                                        )              **JURY TRIAL**
13                                      )
                                        )
14          v.                          )   1. Retaliation in Violation of Health &
                                        )      Safety Code Section 1432
15  KENSINGTON SENIOR LIVING, LLC; and  )
16  DOES 1 to 50, inclusive,            )   2. Retaliation in Violation of Labor Code
                                        )      Section 1102.5(b)
17          Defendants.                 )
                                        )   3. Retaliation in Violation of Labor Code
18                                      )      Section 6310(a)(1)
                                        )
19                                      )   4. Retaliation in Violation of Labor Code
20                                      )      Section 98.6
                                        )
21                                      )   5. Retaliation in Violation of Public Policy
                                        )
22                                      )   6. Failure to Pay Final Wages
                                        )
23                                      )
                                        )
24                                      )
                                        )
25                                      )
                                        )
26                                      )
                                        )
27                                      )
                                        )
28  _____)

                    **COMPLAINT AND DEMAND FOR JURY TRIAL**
                                        1

**THE PARTIES**

1.     Plaintiff Monien Ibarra is, and at all times relevant herein was, citizen of the State of California and an individual residing in the County of Los Angeles, State of California.

2.     Defendant Kensington Senior Living, LLC (hereinafter at times "KSL") is, and all times relevant herein was, a limited liability company organized in the State of Virginia and doing business in the County of Los Angeles, State of California.

3.     Plaintiff is ignorant of the true names and capacities of defendants Does 1 to 50 and therefore sues them by such fictitious names. Plaintiff will amend this Complaint to allege their true names and capacities once Plaintiff ascertains them.

4.     Plaintiff is informed and believes, and thereon alleges, that at all times relevant herein, Does 1 to 50 were the agents, employees, servants, partners, joint venturers, affiliates, parents, sisters, or subsidiaries of the other defendants.

5.     Plaintiff is informed and believes, and thereon alleges, that at all times relevant herein, Does 1 to 50 acted within the course and scope of their agency, employment, service, partnership, joint venture, affiliation, or other relationship with the other defendants.

6.     Plaintiff is informed and believes, and thereon alleges, that Does 1 to 50 are liable for the torts, wage and hour violations, unlawful employment practices, and other wrongs that Plaintiff alleges herein and that such defendants proximately caused Plaintiff's damages.

**VENUE**

7.     Venue in the County of Los Angeles is proper because at least one defendant resides or does business there.

**GENERAL ALLEGATIONS**

8.     KSL owned and/or operated Kensington Redondo Beach (hereinafter at times "KRB"), an assisted living facility located in Redondo Beach, at all times relevant herein. KSL hired Plaintiff, an LVN, to work at KRB as a full-time Care Supervisor in or around May 2019. KSL promised to pay her a base rate of $26 per hour.

///

///

**COMPLAINT AND DEMAND FOR JURY TRIAL**
2

**Plaintiff Complains to KSL About Workplace Violence**

9.     Plaintiff complained to KRB Executive Director Tanya Walker, KRB Human Resources Director Rachael Martinez, and KRB Director of Nursing Terri Diamond in or around September 2019 that a resident with dementia (hereinafter "Resident") purposely twisted a caregiver's arm and that a physician should change his medication or adjust his dosage.

10.     Plaintiff had reasonable cause to believe that her complaint disclosed that KSL violated Labor Code section 6400 by failing to furnish employment and a place of employment that was safe and healthful to the employees therein and Labor Code section 6402 by requiring or permitting any employee to go or be in any place of employment that was not safe and healthful.

11.     Plaintiff complained to KRB Wellness Nurse Amy Adams, KRB Memory Care Director Lorrie Marino, and Ms. Diamond in or around late October 2019 that the Resident attacked a caregiver. Plaintiff told Ms. Adams she would call 911 if the Resident endangered her, her co-workers, or himself. Ms. Diamond admonished her for even thinking about calling 911.

12.     Plaintiff had reasonable cause to believe that her complaint disclosed that KSL violated Labor Code section 6400 by failing to furnish employment and a place of employment that was safe and healthful to the employees therein and Labor Code section 6402 by requiring or permitting any employee to go or be in any place of employment that was not safe and healthful.

**Plaintiff Complains About KSL's Failure to Pay a NOC Shift Differential**

13.     Plaintiff complained to KRB Wellness Nurse Amy Adams and Ms. Diamond in or around late October 2019 and to Ms. Martinez in or around November 2019 that KSL failed to pay her the pay rate differential of $4.00 per hour for a NOC shift that began on October 12, 2019 and ended October 13, 2019. Ms. Martinez replied that KSL did not pay any such differential.

14.     Plaintiff had reasonable cause to believe that her complaint disclosed that KSL violated Labor Code section 204(a) by failing to pay her all wages on a day that KSL designated in advance as the regular pay day and by failing by October 26, 2019 to pay her all wages that she earned between October 1, 2019 and October 15, 2019.

///

///

**COMPLAINT AND DEMAND FOR JURY TRIAL**
3

1

**KSL Retaliates Against Plaintiff**

2          15.     Ms. Diamond and Ms. Martinez abruptly placed Plaintiff on "administrative

3   leave" or around November 25, 2019. Ms. Diamond and Ms. Martinez fired Plaintiff on or around

4   December 2, 2019. Ms. Diamond and Ms. Martinez tried to justify Plaintiff's suspension and

5   termination by falsely accusing her of falsifying a resident's heart rate.

6          16.     In reality, Plaintiff's exercise of her right to complain about unpaid wages (Lab.

7   Code §98.6), disclose violations of law (Lab. Code §1102.5(b)), report unsafe working conditions

8   (Lab. Code §§232.5 and 6310), and complain about the conditions at a long-term health facility

9   (H&S Code §1432) were substantial motivating reasons for suspension and termination.

10         17.     Ms. Diamond and Ms. Martinez were guilty of (1) malice in that they intended to

11   punish Plaintiff and (2) oppression in that they acted despicably and subjected her to the cruel and

12   unjust hardship of unemployment, in conscious disregard of her rights under Labor Code sections

13   98.6, 232.5, 1102.5(b), and 6310(a)(1) and Health & Safety Code section 1432.

14         18.     Ms. Diamond and Ms. Martinez were managing agents of KSL at all times relevant

15   herein. Ms. Diamond and Ms. Martinez exercised such independent judgment in their corporate

16   decision-making such that they determined KSL's corporate policy. Ms. Diamond and Ms.

17   Martinez oversaw the KRB workforce.

18         19.     Plaintiff is informed and believes, and thereon alleges, that KSL's officers,

19   directors, and/or managing agents authorized and/or ratified Plaintiff's termination and/or knew

20   that Ms. Diamond and Ms. Martinez were unfit; but in conscious disregard of Plaintiff's rights,

21   said officers, directors, and/or managing agents employed Ms. Diamond and Ms. Martinez.

22         20.     Plaintiff's earned but unpaid wages from the NOC shift from October 12, 2019 to

23   October 13, 2019 came due and payable immediately upon termination. KSL willfully failed to

24   pay her all such final wages on the date of her termination, within 30 calendar days of the date of

25   her termination, or at any other time. KSL denied that it ever promised a NOC shift differential.

26                                **The Statutes of Limitation Tolled**

27         21.     The Judicial Council amended the California Rules of Court by enacting the

28   Emergency Rules Related to COVID-19 in or around April 2020. Emergency Rule 9, subdivision

**COMPLAINT AND DEMAND FOR JURY TRIAL**

4

1   (a) tolled the statutes of limitation and repose on each of Plaintiff's causes of action from April 6,

2   2020 to October 1, 2020 (i.e., 178 days).

3       22.    Plaintiff filed a retaliation complaint with the DLSE in or around May 2020. The

4   complaint alleged that KSL retaliated against her for complaining about unpaid wages and

5   reporting unsafe workplace violence. The filing of the complaint tolled the statutes of limitation

6   on her causes of action under Labor Code sections 98.6, 1102.5(b), and 6310(a)(1).

7                             **FIRST CAUSE OF ACTION**

8         **Retaliation in Violation of Health & Safety Code Section 1432**

9                     **(Against All Defendants)**

10      23.    Plaintiff re-states and incorporates by reference each of the foregoing allegations

11   as though fully set forth herein.

12      24.    Defendants exercised her right to complain to KSL about the care, services, and/or

13   conditions at KSB by complaining about workplace violence.

14      25.    Plaintiff's exercise of such rights was a substantial motivating reason for

15   Defendants' suspension and termination of her employment.

16      26.    Defendants' retaliatory conduct towards Plaintiff was a substantial factor in

17   causing her to lose earnings and suffer emotional distress.

18                       **SECOND CAUSE OF ACTION**

19          **Retaliation in Violation of Labor Code Section 1102.5(b)**

20                     **(Against All Defendants)**

21      27.    Plaintiff re-states and incorporates by reference each of the foregoing allegations

22   as though fully set forth herein.

23      28.    Plaintiff informed Ms. Adams, Ms. Diamond, and Ms. Martinez that Defendants

24   failed to pay a NOC shift differential.

25      29.    Plaintiff had reasonable cause to believe that the foregoing information disclosed

26   the following:

27               a.    That Defendants violated Labor Code section 204(a) by failing to pay all

28                    wages by a day that Defendants designed in advance as the regular pay day.

1                 b.      That Defendants violated Labor Code section 204(a) by failing to pay all

2                      wages earned during the 1st and 15th of the month by the 26th of the month.

3       30.      Plaintiff disclosed information to Ms. Adams, Ms. Diamond, Ms. Martinez, and

4 Ms. Marino that Defendants failed to provide a safe place of employment.

5       31.      Plaintiff had reasonable cause to believe that the foregoing information disclosed

6 the following:

7                 a.      That Defendants violated Labor Code sections 6400 by failing to

8                      employees to work in a safe and healthful workplace.

9                 b.      That Defendants violated Labor Code sections 6402 by requiring

10                      employees to be in an unsafe or unhealthly workplace.

11       32.      Ms. Adams, Ms. Diamond, Ms. Marino, and Ms. Martinez had authority over

12 Plaintiff and/or the authority to investigate, discover, and/or correct a violation of law.

13       33.      Plaintiff's disclosures to Ms. Adams, Ms. Diamond, Ms. Marino and/or Ms.

14 Martinez were contributing reasons for Defendants' suspension and termination of Plaintiff.

15       34.      Defendants' retaliatory conduct towards Plaintiff was a substantial factor in

16 causing her to lose earnings and suffer emotional distress.

17                           **THIRD CAUSE OF ACTION**

18           **Retaliation in Violation of Labor Code Section 6310(a)(1)**

19                       **(Against All Defendants)**

20       35.      Plaintiff re-states and incorporates by reference each of the foregoing allegations

21 as though fully set forth herein.

22       36.      Plaintiff reported to Ms. Adams, Ms. Diamond, Ms. Marino and/or Ms. Martinez

23 that the Resident rendered her place of employment unsafe and illegal.

24       37.      Plaintiff's report to Ms. Adams, Ms. Diamond, Ms. Marino and/or Ms. Martinez

25 thus revealed that Defendants created unsafe and unhealthful working conditions.

26       38.      Plaintiff's report to Ms. Adams, Ms. Diamond, Ms. Marino and/or Ms. Martinez

27 was a substantial motivating reason for Defendants' retaliatory conduct towards Plaintiff.

28 ///

**COMPLAINT AND DEMAND FOR JURY TRIAL**

1     39.    Defendants' retaliatory conduct towards Plaintiff was a substantial factor in

2    causing her to lose earnings and suffer emotional distress.

3                     **FOURTH CAUSE OF ACTION**

4           **Retaliation in Violation of Labor Code Section 98.6**

5                   **(Against All Defendants)**

6     40.    Plaintiff re-states and incorporates by reference each of the foregoing allegations

7    as though fully set forth herein.

8     41.    Plaintiff exercised her rights under Labor Code sections 232.5 and 6310(a)(1) by

9    reporting workplace violence to Ms. Adams, Ms. Diamond, Ms. Martinez, and Ms. Marino.

10    42.    Plaintiff exercised her rights under Labor Code section 1102.5(b) by disclosing

11   violations of law in good faith to Ms. Adams, Ms. Diamond, Ms. Martinez, and Ms. Marino.

12    43.    Defendants' retaliatory conduct towards Plaintiff's employment was a substantial

13   factor in causing her to lose earnings and suffer emotional distress.

14                      **FIFTH CAUSE OF ACTION**

15            **Retaliation in Violation of Public Policy**

16                   **(Against All Defendants)**

17    44.    Plaintiff re-states and incorporates by reference each of the foregoing allegations

18   as though fully set forth herein.

19    45.    Defendants exercised her rights under Labor Code sections 98.6, 232.5, 1102.5(b),

20   and 6310(a)(1) and Health & Safety Code section 1432 as she alleges hereinabove.

21    46.    Plaintiff's exercise of such rights was a substantial motivating reason for

22   Defendants' retaliatory conduct towards her.

23    47.    Defendants' suspension and termination of Plaintiff's employment violated the

24   following policies of the State of California:

25             a.    The policy of Labor Code section 98.6 of protecting employees from

26                  retaliation for complaining about unpaid wages due and owing.

27             b.    The policy of Labor Code sections 204, 215, and 216 of requiring

28                  employers to promptly pay their employees all earned wages.

**COMPLAINT AND DEMAND FOR JURY TRIAL**

1      c.   The policy of Labor Code section 232.5 of protecting employees from

2           retaliation for disclosing their employers' working conditions.

3      d.   The policy of Labor Code section 1102.5(b) of protecting employees from

4           retaliation for reporting violations of state law in good faith.

5      e.   The policy of Labor Code section 6310(a)(1) of protecting employees from

6           retaliation for reporting health and safety concerns to their employers.

7      f.   The policy of Labor Code sections 6401, 6403(c), and 6406(d) of requiring

8           an employer to provide a safe and healthful place of employment.

9      g.   The policy of Health & Safety Code section 1432 of encouraging

10          employees of long-term health facilities to report unsafe conditions.

11     48.  Said policies were public, fundamental, and well-established at the time of

12     Defendants' retaliatory conduct towards Plaintiff.

13     49.  Defendants' retaliatory conduct towards Plaintiff was a substantial factor in

14     causing her to lose earnings and suffer emotional distress.

15                          **SIXTH CAUSE OF ACTION**

16                   **Failure to Pay Final Wages – Lab. Code §203**

17                          **(Against All Defendants)**

18     50.  Plaintiff re-states and incorporates by reference each of the foregoing allegations

19     as though fully set forth herein.

20     51.  Defendants willfully failed to pay Plaintiff all earned but unpaid straight time and

21     overtime wages immediately upon termination on or around December 2, 2019.

22     52.  Wherefore, Plaintiff seeks waiting-time penalties equal to her daily rate of pay for

23     each day that Defendants willfully failed to pay all final wages, up to 30 calendar days.

24                               **PRAYER**

25     WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

26     **As to the First and Third to Fifth Causes of Action**

27     1.   For no less than $50,000 in damages for loss of past earnings.

28     2.   For no less than $50,000 in damages for loss of future earnings.

**COMPLAINT AND DEMAND FOR JURY TRIAL**

8

1      3.     For no less than $50,000 in damages for past emotional distress.

2      4.     For no less than $50,000 in damages for future emotional distress.

3      5.     For punitive damages.

4  **As to the Second Cause of Action**

5      6.     For no less than $50,000 in damages for loss of past earnings.

6      7.     For no less than $50,000 in damages for loss of future earnings.

7      8.     For no less than $50,000 in damages for past emotional distress.

8      9.     For no less than $50,000 in damages for future emotional distress.

9      10.    For punitive damages.

10     11.    For a civil penalty of no less than $10,000. (Lab. Code §98.6(b)(3).)

11  **As to the Sixth Cause of Action**

12     12.    For no less than $6,500 in waiting-time penalties. (Lab. Code §203(a).)

13  **As to All Causes of Action**

14     13.    For costs of suit.

15     14.    For pre-judgment interest to the maximum extent that the law allows.

16     15.    For such other and further relief as the Court may deem proper.

17

18  Date: May 24, 2021                    **LAW OFFICE OF BEN ROTHMAN**

19

20                                        Ben Rothman, Esq.
21                                        Attorney for Plaintiff,
                                          MONIEN IBARRA
22

23

24

25

26

27

28

**COMPLAINT AND DEMAND FOR JURY TRIAL**
9

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial.

Date: May 24, 2021                    **LAW OFFICE OF BEN ROTHMAN**

Ben Rothman, Esq.
Attorney for Plaintiff,
MONIEN IBARRA